UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY HELMS et al., Plaintiffs, v. SELECTBLINDS LLC, Defendant. | CASE NO. 3:26-cv-05315-LK<br>ORDER GRANTING STAY |

This matter comes before the Court on the parties' Stipulated Motion to Stay. Dkt. No. 19. The parties request that the Court stay proceedings in this matter pending the Ninth Circuit's decision in *Montes v. Penney OpCo, LLC*, Case No. 26-241 "so that the parties and the Court may have the benefit of the Ninth Circuit's guidance as to whether plaintiffs' alleged injuries are sufficient to establish Article III standing." *Id.* at 1. The parties clarify that their "stipulation is limited to the period until the panel issues its decision in *Montes*, not the final resolution of the *Montes* appeal." *Id.* For the reasons explained below, the motion is granted.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

A stay is appropriate here because the delay in proceedings will not cause any damage, nor any hardship or inequity to any party—given that both sides agree to the stay, and will promote the orderly course of justice. The Court agrees that the Ninth Circuit's decision in *Montes* may shed light on the jurisdictional question of whether Plaintiffs' alleged injuries are sufficient to establish Article III standing, and that a stay pending the decision may result in significant savings of the parties' and the Court's resources. The Court thus GRANTS the parties' motion, Dkt. No. 19, and STAYS the case pending further order of the Court. All pending motions (namely, SelectBlinds' motion to stay or dismiss and motion to compel arbitration, Dkt. Nos. 15, 16) are STRICKEN without prejudice to refile, provided that leave is granted by the Court. The parties SHALL file a joint status report within 14 days of the Ninth Circuit's decision in *Montes v. Penney OpCo, LLC, et al.*, Case No. 26-241.

Dated this 4th day of August, 2026.

Lauren King
United States District Judge